IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

1. KRISTINE SKILLERN, an individual, )
   )
   Plaintiff, ) Case No. 21-CV-157-SPS
v. )
   ) JURY TRIAL DEMANDED
1. ANN DRUMMOND WOOLLEY ) ATTORNEY'S LIEN CLAIMED
   LIVING TRUST, ) FOR THE FIRM
2. SUSANNE WOOLLEY, an individual, )
   )
   Defendants. )

## COMPLAINT

**COMES NOW** the Plaintiff, Kristine Skillern ("Plaintiff"), through her attorneys of record, Charles C. Vaught and Jessica N. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to Section 16(b) and Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"), against Defendants Ann Drummond Woolley Living Trust ("Defendant Trust") and Susanne Woolley ("Defendant Woolley"). In support thereof, Plaintiff hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff was, at all times relevant to this cause of action, employed by Defendant within the Eastern District of Oklahoma at Defendants' home located in Ada, Oklahoma.

2. Plaintiff was, at all times relevant to this cause of action, domiciled in and a citizen of the State of Oklahoma residing in Ada, Oklahoma.

3. Plaintiff was, at all relevant times, an "employee engaged in commerce" within the meaning of the FLSA and was therefore entitled to the protections afforded by the overtime provisions of the FLSA and has standing under Section 16(b) to maintain this action.

1

4. Plaintiff was, at all relevant times, an "employee" as defined by the FLSA in that she was employed by an employer as that term is defined by the Act and was therefore entitled to the protections afforded by the overtime premium provisions of the FLSA and has standing under Section 15(a)(3) to maintain this action.

5. At all times relevant to this action, Defendant was an "employer" within the meaning of the FLSA.

6. The acts and/or omissions giving rise to this lawsuit occurred in Ada, Pontotoc County, State of Oklahoma.

7. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the laws of the United States. The Court has supplemental jurisdiction over any of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Eastern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in the Eastern District of Oklahoma.

## OPERATIVE FACTS

9. On May 20, 2019, Plaintiff began her employment with Defendant Trust as Caretaker for Ann Drummond-Woolley ("Ann"), who required total care. Defendant Woolley oversaw Plaintiff's pay, hours, and job duties.

10. During her employment, Ann was in the late stages of dementia and was non-verbal.

11. A non-exclusive list of Plaintiff's duties are, as follows:

    a. Plaintiff was responsible for caring for Ann when she was in the hospital. While at the hospital, Plaintiff was responsible for:

        i. Watching Ann for anywhere from 48 to 96 hours straight.

  ii. Feeding, changing, and giving Ann drinks to keep her hydrated.

  iii. Alerting the nurses when necessary and keeping the family informed when information from Ann's doctors became available.

  iv. Assisting in the transfer of care to different city for a hospitalization with more intense care.

  v. Transferring Ann to and from the hospital unless an ambulance was necessary.

b. Following hospital visits, Plaintiff's duties increased. Given that Ann was bed-ridden from anywhere to a day to weeks at a time, Plaintiff was responsible also for baths in bed, administering medication several times a day, and all job duties associated with both the day and night shifts, depending on when Plaintiff was scheduled to work.

c. Plaintiff suggested an external catheter to reduce the amount of hospital visits Ann was requiring. Defendant Woolley agreed and Plaintiff was then in charge of administering the care related to the external catheter throughout Plaintiff's employment.

d. Plaintiff was, at times, scheduled to cover the day caretaker's shift on numerous occasions. The day shift responsibilities are, as follows:

  i. Waking Ann up, taking her temperature and administering medication.

  ii. Changing soiled pads, removing, cleaning, and reinserting the external catheter.

  iii. Taking notes of Ann's medication given, water consumed, output from catheter, and any other items of interest which occurred during the day shift.

  iv. Bathing and dressing Ann at her bedside, including feminine care.

  v. Helping Ann use the bedside toilet and cleaning her.

   vi. Cooking Ann breakfast and lunch meals and feeding her, ensuring she did not choke.

   vii. Cleaning up after the shift and restocking items for the night shift caretaker.

 e. Plaintiff's duties for her night shift were similar to that of day shift, but Plaintiff's duties also included laundry, cleaning the house, sweeping and mopping the floors, and straightening the house from whatever mess was made that day. Plaintiff also checked on Ann every two hours or so, meaning checking to see if she was soiled. If soiled, Plaintiff would change Ann and her linens and place Ann back in bed. Plaintiff was responsible to taking care of the external catheter, including emptying it throughout the night.

12. On several occasions, Plaintiff covered both day shift and night shifts for a 24-hour period.

13. Throughout periods of her employment, especially the last portion of her employment, additional members of Ann's family resided in the residence with Ann. During those times, Plaintiff was responsible for cleaning up after these family members and cleaning and folding their laundry, as well as other household tasks as requested by the family members.

14. Caretakers were required to fill out a daily log of all activities and duties done that day.

15. Plaintiff was also responsible for grocery shopping and picking up Ann's medication outside of her scheduled shift.

16. Further, Plaintiff was also requested to clean Defendant Woolley's house on several occasions and received extra pay on her check for doing so.

17. Defendants failed to pay overtime for hours worked in excess of 40 hours per in any workweek as required by law.

## FIRST CLAIM
### (Failure to pay overtime in violation of the FLSA)

18. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

19. At all times relevant to this claim, Plaintiff was employed by Defendants as a Caretaker for Ann Drummond-Woolley.

20. At all times relevant to this claim, Plaintiff regularly worked in excess of forty (40) hours per week in performance of duties assigned by Defendants but was not compensated at a rate of one and one-half (1.5) times her regular hourly wages for all hours worked in excess of forty in a workweek.

21. Plaintiff was not exempt from the overtime compensation requirements of the FLSA under any exemptions set forth in the Act.

22. At all times relevant to this claim, Defendants had a statutory duty to maintain accurate time records covering all hours Plaintiff worked and to compensate Plaintiff at a rate of one and one-half (1.5) times his regular hourly wages for all hours worked in excess of forty in one work week.

23. Defendants failed to properly compensate Plaintiff for overtime worked and that failure was a knowing, willful and intentional violation of the FLSA.

**WHEREFORE**, premises considered, Plaintiff prays that the Court adjudge Defendants in violation of the FLSA; require that Defendants maintain accurate and complete time records on all non-exempt employees; compensate Plaintiff for all hours worked in excess of forty (40) hours per week in accordance with the Act; and, after adjudication of the amount due to Plaintiff, that the Court enter a final judgment against Defendants in the amount due to Plaintiff for unpaid wages, with prejudgment interest

thereon, liquidated damages equal to the unpaid overtime, attorney fees and costs pursuant to Section 16(b) of the FLSA; and grant such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***